91 F.3d 145
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Margie McKINLEY, Defendant-Appellant.
 No. 95-6077.
 United States Court of Appeals, Sixth Circuit.
 July 2, 1996.
 
 Before: KEITH, KENNEDY, and RYAN, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 The defendant, Margie McKinley, appeals from the sentence imposed following her conviction by a jury on one count of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We are required to decide whether the district court clearly erred in determining that McKinley failed to prove she was entitled to a downward adjustment in her sentence for her role as a "minor participant" in the offense. Concluding that the district court did not err, we will affirm.
 
 I.
 
 2
 One autumn afternoon in 1994, police were working their drug dog at a Greyhound Bus Station in Memphis, Tennessee. After an incoming bus from Dallas, Texas, stopped and the passengers exited, the officers boarded the bus and allowed their drug dog, Sugar, to check the luggage. Sugar alerted that a particular brown suitcase contained narcotics.
 
 
 3
 The officers determined that the suitcase belonged to McKinley, and asked her if it was all right if they looked inside. McKinley responded, "OK, you can look." She partially opened her bag and stated that there was really nothing but clothes inside. One of the officers then asked McKinley if he could look further into the case. She responded, "Sure," and opened the suitcase completely. The officers observed a tape-wrapped "brick" that appeared to be narcotics, and placed McKinley under arrest. One of the officers then cut the brick and observed what appeared to be cocaine powder. The substance later tested positive for cocaine. The total amount of cocaine seized was 1,037.8 grams.
 
 
 4
 After being arrested, McKinley made a statement to the officers in which she claimed that her brother gave her the suitcase at the bus station in Los Angeles. McKinley stated she was to take the suitcase to Detroit, Michigan, where her brother was going to meet her and pick up the suitcase. As it developed, the man McKinley claimed was her brother, one Gerald Floyd, was not. Instead, he was a close friend of McKinley, and had been for several years at the time of her arrest.
 
 
 5
 McKinley was jury-convicted of the offense of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). At sentencing, she argued that she was entitled to a two-level reduction in the base offense level pursuant to U.S.S.G. § 3B1.2, on the ground that she was a "minor participant" in the criminal activity. She testified at the sentencing hearing that she did not know that there was cocaine in the suitcase given to her by Floyd; had never carried any drugs for him or had any involvement of any kind with drug activity in the past; and had no knowledge that Floyd had ever engaged in any drug dealing or criminal activity of any kind. In essence, the defendant argued that she was nothing more than a courier for Floyd.
 
 
 6
 The district court denied her request for a reduction for her role in the offense, observing as follows:
 
 
 7
 The fact that someone got drugs from someone else to transport, even if you consider that proof, and even if you accord it credibility, without more information about the organization and the roles of the various individuals in the organization, you cannot make--that fact in and of itself does not permit a finding of minor participant.... [I]f we want to know if [McKinley] w[as] just a courier, we have to know a lot more.... Someone can be a fairly involved and a fairly high level person in an organization and still act as a courier....
 
 
 8
 Just the fact that somebody else gave her the drugs doesn't mean that she was a minor participant. We simply don't know from this record. What the record shows is a criminal offense in which a single individual, Ms. McKinley, was involved.
 
 
 9
 The district court then sentenced McKinley to 63 months' imprisonment, and she filed this timely appeal.
 
 II.
 
 10
 Section 3B1.2 of the Sentencing Guidelines provides that if a defendant was a minor participant in the criminal activity that constituted the offense conduct, his offense level should be decreased by two. U.S.S.G. § 3B1.2(b). A minor participant is one "who is less culpable than most other participants but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n. 3). A defendant who seeks this two-level reduction has the burden of proving by a preponderance of the evidence the facts that would entitle him to the reduction. United States v. Jackson, 55 F.3d 1219, 1224 (6th Cir.), cert. denied, 116 S.Ct. 328 (1995). We review a district court's determination of a defendant's role in the offense only for clear error. Id.
 
 
 11
 Citing United States v. Walker, 1 F.3d 423 (6th Cir.1993), the defendant argues that she is entitled to a sentence reduction for being a minor participant because, as we said in Walker, in a "purely domestic distribution operation couriers, even of large quantities of a controlled substances, may frequently be minor participants." Id. at 427. The government responds that, as the sentencing judge pointed out, there is no evidence in this case whether the defendant was merely a courier in a "purely domestic distribution operation" and, indeed, there is no evidence of any kind as to the nature and scope of the drug transaction of which the defendant's role as a courier was a part.
 
 
 12
 As the sentencing district court observed repeatedly, the defendant failed to carry her burden of proving by a preponderance of the evidence that she was a merely minor participant whose role was "less culpable than most other participants" in the transaction. It is indisputable that the only evidence before the district court concerning the defendant's role in this drug offense was that the defendant transported a kilo of cocaine from Los Angeles, California to Memphis, Tennessee, in a suitcase that had been handed to her when she boarded the bus by a confederate she described as her "brother." In addition, the defendant testified at the sentencing hearing that she had no knowledge that the suitcase contained drugs. The court, of course, discredited the defendant's testimony at sentencing that she was unaware that the suitcase contained narcotics.
 
 
 13
 Consequently, there was no evidence, credited by the court, that the defendant's role in this drug transaction was any less significant than the role of her friend Floyd, with whom she conspired. There was no testimony, for example, that he was a major drug supplier and she was a one-time only courier. As the district court observed, "to know if [she] were just a courier, we have to know a lot more," and "[j]ust the fact that somebody else gave her the drugs doesn't mean that she was a minor participant. We simply don't know from this record." Thus, while it may well be that McKinley's role in the conspiracy to transport a kilo of cocaine to Memphis was less serious than Floyd's, there is no evidence in this record to that effect. The district court, of course, was required to determine the appropriate sentence range on the basis of the evidence in the record.
 
 III.
 
 14
 We conclude that the district court was not clearly erroneous in its finding that the defendant had not sustained her burden of proving that she was a minor participant.
 
 
 15
 AFFIRMED.